UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

2006 SEP 25 AM 11:16

SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

ERIC LOWE, WILLIAM JAMISON, )
MARK SCHWARTZKOPF, DOUGLAS )
STEWART, TERRY LAMB, ROBERTA ) No.
BROWN, ENRIQUE MOREY, VIOLA )
HENDRICK, and FHM GROUP, LLC, )
                                    )
             Plaintiffs,            )     **1:06-cv-1408-JDT-TAB**
                                    )
     vs.                            )
                                    )
ANTHEM INSURANCE COMPANIES, )
INC., d/b/a ANTHEM BLUE CROSS & )
BLUE SHIELD and DOES 1-10,     )
                                    )
             Defendants.            )

## MOTION FOR TEMPORARY RESTRAINING ORDER (WITH NOTICE), AND FOR HEARING ON PRELIMINARY INJUNCTION

Come now, Plaintiffs Eric Lowe, William Jamison, Mark Schwartzkopf, Douglas Stewart, Jr., Terry Lamb, Roberta Brown, Enrique Morey, Viola Hendrick, and FHM Group, LLC ("FHM Group") (collectively, "Plaintiffs") by counsel, and pursuant to Fed. R. Civ. P. 65 request that this Court enter a Temporary Restraining Order against Defendant Anthem Insurance Companies, Inc. d/b/a/ Anthem Blue Cross & Blue Shield ("Anthem") preventing Anthem from terminating the group health care plan (the "Insurance Contract" or "Plan") that provides life-protective, anti hemophiliac blood clotting factor and other medicines to Plaintiff FHM Group's hemophiliac employees and dependents, including the Individual Plaintiffs, who are Plan participants. In further support of this Motion for Temporary Restraining Order, Plaintiffs show the Court as follows:

Plaintiffs incorporate by reference as if fully set forth herein their Complaint, the Affidavits of the Individual Plaintiffs, and the Affidavits of Steven Schneider and Jennifer Martin. The following facts are supported by these affidavits. In short, Anthem has attempted to terminate the Insurance Contract on pretextural grounds by creating constantly changing and secret participation guidelines and asserting that FHM Group has not complied with the guidelines. This behavior is reprehensible and must be stopped, and Plaintiffs seek the Court's assistance in preventing Anthem from succeeding in taking insurance coverage from these very sick individuals with no legitimate basis.

II. <u>The Temporary Retraining Order Standard is Fully Satisfied</u>

The issuance of a Temporary Restraining Order in these circumstances is appropriate. As is described in detail in the accompanying Memorandum of Law, Plaintiffs have a reasonable likelihood of success at trial, their remedies at law are inadequate causing irreparable harm pending resolution of the action, the threatened injury outweighs the harm to the Defendant resulting from the granting of the injunction, and the public interest will not be disserved by granting an injunction.

Unless Defendant is enjoined from terminating the Plan on September 30, 2006, and thus materially breaching the Insurance Contract, Plaintiff FHM Group's employees will suffer immediate and irreparable injury, loss or damage because they will be faced with the difficulty of obtaining prohibitively expensive

anti hemophiliac blood clotting factor without insurance. Each of the requirements necessary to obtain a temporary and preliminary injunction is established, as follows:

    A.    <u>Plaintiffs Have a Reasonable Likelihood of Success at Trial</u>.

Anthem's actions are in material breach of the Insurance Contract and are unlawful. Anthem's actions work to Anthem's benefit in that they save coverage costs, but to the direct detriment of Plaintiffs who depend on the critical medicines that they can only afford with insurance coverage. Anthem's proposed reason for the termination is, as is described in the Complaint and accompanying affidavits, a pretextural sham.

    B.    <u>The Potential Injury to Plaintiffs Far Outweighs the Potential Harm to Defendant From the Injunction</u>.

Should the injunction be granted there is no harm to Anthem, because Anthem has already been paid its August, September and October 2006 premiums. FHM Group warrants to this Court that it will continue paying the full premium timely to Anthem while the coverage is in force. Therefore Anthem has received the full benefit of the Plan premium. Meanwhile, the threatened injury to Plaintiffs is potentially catastrophic. FHM Group's employees are hemophiliacs (or family members of hemophiliacs), most of whom require extremely expensive anti hemophiliac blood clotting factor on a daily or almost daily basis to ensure their welfare with the dangerous hemophiliac disease. None of the individual Plaintiffs or other FHM Group employees who are hemophiliacs (or parents of hemophiliacs) could afford this life saving medicine without insurance. This motion seeks the

3

Court's assistance in maintaining the status quo – the maintenance of the contract and coverage as possible – while this case is heard. Accordingly, the balance of harm is clearly in Plaintiffs' favor.

    C.    <u>The Remedy at Law is Inadequate</u>.

Plaintiffs literally cannot survive financially, emotionally or physically without the coverage provided by the Insurance Contract. Defendant's unlawful termination must be stopped by injunction or the damage – a termination of medical coverage to Plaintiffs' families – will not be remedied by this or any other Court.

    D.    <u>An Injunction Clearly Serves the Public Interest</u>.

For all the foregoing reasons, the public interest is clearly served by the granting of the injunction so that Plaintiffs will be able to ensure the continuity of their medical insurance and will have adequate time to find any new coverage in the event the Court decides that the Plan may be terminated at some later date. It is against the public interest for the injunction to be denied because Anthem has and will continue to receive its contracted-for insurance premiums, and the potential harm to Plaintiffs if the Plan is wrongfully terminated would be catastrophic.

WHEREFORE, Plaintiffs pray that the Court enter a Temporary Restraining Order against Defendant Anthem: (1) ordering it to honor the Plan's terms; (2) enjoining it from terminating the Plan; and (3) for all other relief just and

proper. Further, Plaintiffs request that the Court allow expedited discovery and set a preliminary injunction hearing.

>Respectfully submitted,
>
>*/s/ Aaron R. Raff*
>
>Thomas J. Costakis, Attorney No. 4314-49
>Mark P. Canada, Attorney No. 14205-49
>Aaron R. Raff, Attorney No. 23715-49
>KRIEG DEVAULT LLP
>One Indiana Square, Suite 2800
>Indianapolis, Indiana 46204-2079
>(317) 636-4341 [voice]
>(317) 636-1507 [facsimile]
>
>Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was provided this 25th day of September, 2006 by Hand Delivery to Anthem's Resident Agent:

>Anthem Insurance Companies, Inc.
>d/b/a Anthem Blue Cross & Blue Shield
>c/o  Nancy L. Purcell, Resident Agent
>Timothy Spears
>120 Monument Circle, Indianapolis, Indiana  46204

_____
Aaron R. Raff