UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC LOWE, WILLIAM JAMISON, MARK SCHWARTZKOPF, DOUGLAS STEWART, TERRY LAMB, ROBERTA BROWN, ENRIQUE MOREY, VIOLA HENDRICK, and FHM GROUP, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHEM INSURANCE COMPANIES, INC., d/b/a ANTHEM BLUE CROSS & BLUE SHIELD, and DOES 1-10<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:06-cv-1408-JDT-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW

Plaintiffs Eric Lowe, William Jamison, Mark Schwartzkopf, Douglas Stewart, Terry Lamb, Roberta Brown, Enrique Morey, Viola Hendrick (the "Individual Plaintiffs"), and FHM Group, LLC ("FHM Group")[1] (collectively, "Plaintiffs") submit the following Memorandum of Law in support of their Motion to Enforce the Settlement Agreement against Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross & Blue Shield ("Anthem").

### Statement of Facts

The facts underlying this Action are set forth in the accompanying Affidavit of Steven Schneider ("Schneider Affidavit") and Declaration of Anthony Paduano ("Paduano Declaration") and are incorporated herein.

---

[1] As used herein, FHM Group includes FHM Group LLC, its subsidiaries, affiliates, divisions and entities related to it by application of the Internal Revenue Code Section 414 (b) & (c) including but not limited to Factor Health Management LLC, FCS Pharmacy LLC, Factor Health Group LLC, Factor Health Services LLC, FHM Services LLC, Factor Health Care LLC, Factor Health of Arkansas LLC and Factor Health Services II LLC.

**ARGUMENT**

**I.     Legal Principles**

Issues regarding the formation, construction, and enforceability of a settlement agreement are governed by local law. See Pohl v. United Airlines, Inc., 213 F.3d 336, 338 (7th Cir. 2000). Therefore, the court must look to the law of Indiana when deciding issues of enforceability. See id. The judicial policy of Indiana strongly favors settlement agreements. See Georgos v. Jackson, 790 N.E.2d 448, 453 (Ind. 2003); Travelers Indemnity Co. v. P.R. Mallory & Co., 772 N.E.2d 479, 485 (Ind. App. Ct. 2002) trans. denied; Scott v. Randle, 697 N.E.2d 60, 65-66 (Ind. App. Ct. 1998). In addition, federal and state courts in Indiana routinely issue orders enforcing settlement agreements. See, e.g., Pohl, 213 F.3d at 340; Carr v. Runyan, 89 F.3d 327, 331-32 (7th Cir. 1996); National Recovery & Consulting Group, LLC v. Bartle, No. 01-1439-C, 2002 WL 1800330, at *4 (S.D. Ind. July 3, 2002) (enforcing settlement agreement against party who breached its terms by failing to pay money owed according to the terms of the settlement agreement); Anthony v. Indiana Farmers Mut. Ins. Group, 846 N.E.2d 248, 255 (Ind. App. Ct. 2006); Zimmerman v. McColley, 826 N.E.2d 71, 76 (Ind. App. Ct. 2005) ("It is established law that if a party agrees to settle a pending action, but then refuses to consummate the settlement agreement, the opposing party may obtain a judgment enforcing the agreement.")

Moreover, "[i]t is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371 (6th Cir. 1976). In fact, district courts have "not only the inherent power but, when required in the interests of justice, the duty to enforce the agreement which had settled the dispute pending before it." Id.; see also Germania v. Thermasol, Ltd., 569 N.E.2d 730, 732 (Ind. App. Ct. 1991) (holding that the "judicial policy of Indiana strongly favors

settlement agreements . . . It has long been the law in Indiana that a settlement agreement can be enforced by a trial court of general jurisdiction, and this court has cited with approval the federal rule that courts retain the inherent power to enforce agreements entered into in settlement of litigation which was pending before them"). In its role as supervisor of the litigation, a district court "may summarily enforce a settlement agreement." Hakim v. Payco-General American Credits, Inc., 272 F.3d 932, 936 (7th Cir. 2001).

## II.     The Court Should Enforce the Settlement Agreement

It is clear that Anthem has breached the Settlement Agreement, because it has failed to make the payments required under the Settlement Agreement for more than five months. Therefore, an Order enforcing the Settlement Agreement and setting a date certain by which Anthem must pay the outstanding balance is necessary.

As detailed in the accompanying Schneider Affidavit and Paduano Declaration, despite its duties and obligations under the Settlement Agreement and FHM Group's repeated demands for Anthem to comply, Anthem has failed to timely remit payment to FHM Group for the outstanding receivables due. Specifically, pursuant to Paragraph 4 of the Settlement Agreement, Anthem was to process and "pay any and all claims submitted pursuant to the Plan for benefits relating to covered drugs, supplies, medical services, surgery, hospitalization, and emergency care" of the individual plaintiffs incurred on or prior to October 31, 2006 and submitted to Anthem on or before December 31, 2006 ("Paragraph 4 Receivables"). See Paduano Declaration, Ex. A at ¶ 4. Pursuant to Paragraph 6 of the Settlement Agreement, Anthem was to deal with these receivables "in good faith" and in accordance with "Certificates and applicable laws, rules and regulations" ("Paragraph 6 Receivables"). See Paduano Declaration, Ex. A ¶ 6. However, there is currently an outstanding balance of $53,992.49 for

Paragraph 4 Receivables due from Anthem to FHM Group.  See Schneider Affidavit ¶ 6.  Moreover, there is currently an outstanding balance of $1,660,389.43 for Paragraph 6 Receivables due from Anthem to FHM Group.  See Schneider Affidavit ¶ 11.  In total, Anthem has an outstanding balance of $1,714,381.92.  See Schneider Affidavit ¶¶ 6, 11.  FHM Group has duly complied with its obligations under the Settlement Agreement, yet Anthem has failed to pay the outstanding balance due.

In National Recovery & Consulting Group, LLC, supra, plaintiff alleged that defendants breached a settlement agreement by failing to pay money owed and moved for summary judgment seeking to enforce the agreement.  The court held that the defendants breached the settlement agreement by failing to pay the amount owed according to the terms of the agreement, and found the breaching defendants jointly and severally liable for the amount dictated in the settlement agreement, and awarded interest, attorneys' fees and costs.  National Recovery & Consulting Group, 2002 WL 1800330, at *4; see also Dhaliwal v. Woods Division, Hesston Corporation, 930 F.2d 547, 547 (7th Cir. 1991) (affirming the district court's order enforcing the settlement agreement and awarding attorneys' fees that defendant incurred in obtaining enforcement of the settlement agreement).

Similarly, Anthem has failed to pay the balance of more than $1.7 million owed pursuant to the terms of Settlement Agreement.  Accordingly, FHM Group is entitled to an Order enforcing the Settlement Agreement, as well an award of interest, attorneys' fees and costs.

## Conclusion

For all the reasons set forth above, FHM Group respectfully requests that the Court issue an appropriate Order enforcing the Settlement Agreement and setting a date certain by which the amounts set forth in the Schneider Affidavit must be paid in full.  FHM Group

further respectfully requests that it be awarded interest as allowed by law, as well as its reasonable attorneys' fees, costs and expenses incurred with the filing of this motion.

Dated:  March 26, 2007

                Respectfully submitted,


                <u>s/ Aaron R. Raff</u>
                Thomas J. Costakis, Attorney No. 4314-49
                Aaron R. Raff, Attorney No. 23715-49
                KRIEG DEVAULT LLP
                One Indiana Square, Suite 2800
                Indianapolis, Indiana 46204-2079
                (317) 636-4341
                (317) 636-1507

                Anthony Paduano
                PADUANO & WEINTRAUB LLP
                1251 Avenue of the Americas, Ninth Floor
                New York, New York 10020
                (212) 785-9100

                Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

       I hereby certify that a copy of the foregoing document was, on March 26, 2007, filed electronically using the Court's Electronic Case Filing System. Notice of this filing will be sent electronically to the following using the Court's electronic notification system. Parties may access this filing through the Court's Electronic Case Filing System.

       Kandi Kilkelly Hidde
       Michael Ryan Hartman, Esq.
       Jonna L. McGinley, Esq.
       BINGHAM McHALE LLP
       2700 Market Tower
       10 West Market Street
       Indianapolis, Indiana  46204

       Sally Zweig
       Offer Korin
       KATZ & KORIN PC
       334 North Senate Avenue
       Indianapolis, Indiana 46204

       Mark E. Schmidtke
       Schmidtke Hoeppner Consultants LLP
       103 East Lincolway
       Valparaiso, Indiana  46383

       /s/ Aaron R. Raff

KD_IM-946428_1.DOC