UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC LOWE, WILLIAM JAMISON, MARK SCHWARTZKOPF, DOUGLAS STEWART, TERRY LAMB, ROBERTA BROWN, ENRIQUE MOREY, VIOLA HENDRICK, and FHM GROUP, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>ANTHEM INSURANCE COMPANIES, INC., d/b/a ANTHEM BLUE CROSS & BLUE SHIELD, and DOES 1-10<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:06-cv-1408-JDT-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF ANTHONY PADUANO

ANTHONY PADUANO under penalty of perjury declares:

1. I am admitted to practice law before the courts of the State of New York, and a member of the firm Paduano & Weintraub LLP. I have been admitted pro hac vice to appear in this matter. I submit this Declaration on personal knowledge in support of the Motion to Enforce the Settlement Agreement of FHM Group, LLC ("FHM Group")[1].

### Background

2. On or about September 25, 2006, FHM Group and Eric Lowe, William Jamison, Mark Schwartzkopf, Douglas Stewart, Terry Lamb, Roberta Brown,

---

[1] As used herein, FHM Group includes FHM Group LLC, its subsidiaries, affiliates, divisions and entities related to it by application of the Internal Revenue Code Section 414 (b) & (c) including but not limited to Factor Health Management LLC, FCS Pharmacy LLC, Factor Health Group LLC, Factor Health Services LLC, FHM Services LLC, Factor Health Care LLC, Factor Health of Arkansas LLC and Factor Health Services II LLC.

Enrique Morey, and Viola Kendrick (the "Individual Plaintiffs") (collectively, the "Plaintiffs") commenced this action against defendant Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross & Blue Shield ("Anthem") seeking to enjoin Anthem from terminating a group health insurance plan (the "Plan") that Anthem had issued to Plaintiffs. On or about September 26, 2006, the Court entered a Temporary Restraining Order.

3. Subsequent to the entering of the Temporary Restraining Order, the parties appeared before the Honorable Magistrate Judge Tim A. Baker for a settlement conference and a settlement in principle was reached between the parties.

## The Settlement Agreement

4. By Mutual Confidential Release of All Claims and Settlement Agreement, dated October 16, 2006 (the "Settlement Agreement"), the parties memorialized in writing the terms of their settlement. A true and accurate copy of the Settlement Agreement is annexed hereto as Exhibit A.

5. Pursuant to paragraph 1 the Settlement Agreement, the parties agreed that the Plan would terminate on October 31, 2006 (the "Termination Date"). Until the Termination Date, the Plan was to remain in full force and effect, without alteration, and Anthem was to adjudicate and pay all "claims for benefits relating to drugs, supplies, medical services, surgery, hospitalization, and emergency care" of the Individual Plaintiffs and their dependents in accordance with the terms of the Plan, including those provided by FCS Pharmacy, LLC. See Exhibit A at ¶ 1. Further, there were three components to Anthem's payment obligations under the Settlement Agreement.

A.	Paragraph 4 Receivables:

    6.	Paragraph 4 of the Settlement Agreement provides, in pertinent part, as follows:

> Anthem acknowledges that it has unprocessed and unpaid claims due and payable to FCS Pharmacy LLC . . . Anthem shall also pay any and all claims submitted pursuant to the Plan for benefits relating to covered drugs, supplies, medical services, surgery, hospitalization, and emergency care of [the Individual Plaintiffs] incurred on or prior to the Termination Date and submitted to Anthem no later than . . . December 31, 2006.

Exhibit A at ¶ 4. For any and all claims submitted pursuant to this paragraph ("Paragraph 4 Receivables"), Anthem was required to "take any and all necessary action to ensure the timely processing of payment on or before December 31, 2006." See id.

B.	Paragraph 6 Receivables:

    7.	Paragraph 6 of the Settlement Agreement provides, in pertinent part, as follows:

> Nothing in this Settlement Agreement shall be read to extinguish, limit or modify the claims of FCS Pharmacy LLC and/or certain FHM Group LLC Group employees or patients for reimbursement or payment of medical claims submitted regarding FCS Pharmacy LLC patients. The parties agree that such claims shall be processed and adjudicated pursuant to the terms of the affected members' Certificates and applicable laws, rules and regulations.

See Exhibit A at ¶ 6. For any and all claims submitted pursuant to this paragraph ("Paragraph 6 Receivables"), Anthem was required "to deal with such claims in good faith." See id.

C.	Other Payment:

3

8.      Paragraph 7 of the Settlement Agreement provides, in pertinent part, that "[n]otwithstanding any other obligations of the parties herein, and in addition to those obligations, Anthem shall pay to FHM Group LLC the sum of $400,000 in good funds to be received not later than October 31, 2006 . . ."[2]

### Anthem's Failure to Comply with the Settlement Agreement

9.      Despite its duties and obligations under the Settlement Agreement, Anthem has failed to timely remit payment to FHM Group for Paragraph 4 Receivables and Paragraph 6 Receivables.  As detailed in the Affidavit of Steven Schneider submitted herewith, Anthem still owes $53,992.49 in Paragraph 4 Receivables and $1,660,389.43 in Paragraph 6 Receivables.

10.     Plaintiffs have made a good faith effort to resolve these issues with Anthem.  In fact, on three separate occasions the parties agreed to file a Joint Motion or Stipulation with the Court seeking to keep the case open and active and for the Court to retain jurisdiction pending Anthem's payment of the outstanding claims.  By Order dated November 13, 2006, the Court granted the First Joint Motion and extended its jurisdiction until December 31, 2006.  A copy of the Order is annexed hereto as <u>Exhibit B</u>.  Because payment of all Paragraph 4 Receivables and Paragraph 6 Receivables was still not made by December 31, 2006, the parties made a Second Joint Stipulation and by Order dated January 4, 2007, the Court extended its jurisdiction until January 31, 2007.  A copy of the Order is annexed hereto as <u>Exhibit C</u>.  Again, because all payments were not made by January 31, 2006, by order dated March 1, 2007, the Court granted a Third Joint Motion extending jurisdiction of this Action until March 31, 2007.  A copy of the Order is annexed hereto as <u>Exhibit D</u>.  These Joint Motions and Stipulations

---

[2] Anthem timely paid the sum of $400,000 in accordance with paragraph 7 of the Settlement Agreement.

were filed in lieu of FHM Group making a motion to enforce the Settlement Agreement. It had been FHM Group's hope that, given additional time, Anthem would voluntarily comply with the Settlement Agreement and pay the outstanding Paragraph 4 Receivables and Paragraph 6 Receivables. Now, however, more than 160 days have passed and FHM Group still is owed more than $1.7 million.

11. I personally have had numerous conversations and other communications with counsel for Anthem, Kandi Kilkelly Hidde, Esq., in a good faith attempt to resolve this dispute and to ascertain the specific reasons Anthem has refused to pay the outstanding claims. I do not at all question Ms. Hidde's good faith and sincerity in dealing with me. However, given that five months have passed and the amounts due to FHM Group remain enormous, I cannot say the same for Anthem. To this day, I still have no specific justifications for Anthem's failure to pay the overdue claims.

12. In a final attempt to resolve the dispute without the Court's intervention, I sent a letter, dated March 12, 2007, to Ms. Hidde detailing the Paragraph 4 Receivables and Paragraph 6 Receivables that remained outstanding and requesting payment on or before March 23, 2007. A copy of the letter is annexed hereto as <u>Exhibit E</u>.

13. By letter dated March 21, 2007, Anthem responded in the letter annexed hereto as <u>Exhibit F</u>, and made it clear that it had no intention of complying with the Settlement Agreement. As to Paragraph 6 Receivables, despite the fact that the Settlement Agreement mandated that claims were to be paid by December 31, 2006, Anthem's letter stated that it was "continuing to investigate and review these claims."

See id. This "investigation" and "review" by Anthem should have been started and completed before the deadline date of December 31, 2006, or at least in the additional three months the Court has extended its jurisdiction over this matter.

14.    This litigation was settled after great expenditure of time and effort by counsel for the parties and the Court as of October 16, 2006. It was not unreasonable to expect that it would take a little bit of time for Anthem to become current on the payments owed to FHM Group and mandated by the Settlement Agreement. However, the passage of more than five months and an outstanding balance of more than $1.7 million is not reasonable, and FHM Group is not in a position to have this debt remain outstanding and unresolved. Therefore, FHM Group respectfully requests that the Court issue an appropriate Order enforcing the Settlement Agreement and setting a date certain by which the amounts set forth in the Affidavit of Steven Schneider must be paid in full. FHM Group further respectfully requests that it be awarded interest as allowed by law, as well as its reasonable attorneys' fees, costs and expenses incurred with the filing of this motion.

**Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.**

_____
Anthony Paduano

14.     This litigation was settled after great expenditure of time and effort by counsel for the parties and the Court as of October 16, 2006. It was not unreasonable to expect that it would take a little bit of time for Anthem to become current on the payments owed to FHM Group and mandated by the Settlement Agreement. However, the passage of more than five months and an outstanding balance of more than $1.7 million is not reasonable, and FHM Group is not in a position to have this debt remain outstanding and unresolved. Therefore, FHM Group respectfully requests that the Court issue an appropriate Order enforcing the Settlement Agreement and setting a date certain by which the amounts set forth in the Affidavit of Steven Schneider must be paid in full. FHM Group further respectfully requests that it be awarded interest as allowed by law, as well as its reasonable attorneys' fees, costs and expenses incurred with the filing of this motion.

**Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.**

_____
Anthony Paduano