IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC LOWE, WILLIAM JAMISON, MARK SCHWARTZKOPF, DOUGLAS STEWART, TERRY LAMB, ROBERTA BROWN, ENRIQUE MOREY, VIOLA HENDRICK, and FHM GROUP, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>ANTHEM INSURANCE COMPANIES, INC., d/b/a ANTHEM BLUE CROSS & BLUE SHIELD, and DOES 1-10,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:06-cv-1408-JDT-TAB<br>)<br>)<br>)<br>)<br>)<br>) |

## ANTHEM INSURANCE COMPANIES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE

Pursuant to Section 14 of the Mutual Confidential Release of All Claims and Settlement Agreement ("Settlement Agreement") entered into by the parties on October 16, 2006, upon satisfaction of Sections 1, 4 and 7 of the Settlement Agreement, either party is entitled to petition the Court for dismissal with prejudice of the action captioned *Eric Lowe, William Jamison, Mark Schwartzkopf, Douglas Stewart, Terry Lamb, Roberta Brown, Enrique Morey, Viola Hendrick and FHM Group LLC v. Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross & Blue Shield and Does 1-10,* Cause No. 1:06-CV-1408 (the "Action"). Because Defendant, Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross & Blue Shield (hereinafter "Anthem"), has fully complied with Sections 1, 4 and 7 of the Settlement Agreement, this Court should enter an order dismissing this Action with prejudice, each party to bear their own costs and attorneys' fees.

### I. Introduction/Background

The Plaintiffs Eric Lowe, William Jamison, Mark Schwartzkopf, Douglas Stewart, Jr., Terry Lamb, Roberta Brown, Enrique Morey, Viola Hendrick, and FHM Group, LLC ("FHM Group") (collectively "Plaintiffs"), by counsel, initiated this action on September 25, 2006 by filing a Complaint alleging that Anthem was attempting to terminate a group health insurance policy FHM Group purchased from Anthem and that Anthem's actions in doing so constituted breaches of Anthem's alleged fiduciary duties under Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.*, as amended ("ERISA") (Count I), state law breach of contract (Count II), state law bad faith (Count III), and state law fraud (Count IV). In addition, Plaintiffs sought a declaratory judgment (Count V) as well as attorney fees and costs under ERISA's fee-shifting provision, 29 U.S.C. §1132(g) (Count VI). Anthem denied any wrongdoing and contended that it had the right to terminate the FHM Group policy. In October of 2006, the parties appeared before Magistrate Judge Tim Baker for a series of settlement conferences. Subsequently, on October 16, 2006, the parties entered into the Settlement Agreement, attached hereto as Exhibit 1[1].

Pursuant to Section 1 of the Settlement Agreement, the parties agreed to terminate the group health insurance policy no. 0019351 between FHM Group and Anthem (hereinafter the "Plan") effective October 31, 2006 at 11:59 p.m. (Exhibit 1, Settlement Agreement, ¶1.) In addition, Anthem acknowledged that as of the date of the Settlement Agreement, it had unprocessed and unpaid claims for certain of the Plaintiffs ("Indiana Claims") due and payable to FCS Pharmacy LLC. (Settlement Agreement, ¶4.) Under Section 4 of the Settlement Agreement, the parties agreed to the following with respect to the Indiana Claims:

---

[1] True and accurate copies of the Exhibits are attached to the Affidavit of Kandi K. Hidde, which is attached hereto.

> The parties agree that such claims shall continue to be processed and adjudicated pursuant to the Plan. FCS Pharmacy LLC shall be paid for such adjudicated claims submitted by FCS Pharmacy via the Blue Card System, including but not limited to those set forth on Exhibit A hereto ("Receivables"). Anthem shall also pay any and all claims submitted pursuant to the Plan for benefits relating to covered drugs, supplies, medical services, surgery, hospitalization, and emergency care of the Covered Employees incurred on or prior to the Termination Date and submitted to Anthem, not later than 11:59 p.m. Eastern Standard Time on December 31, 2006. The claims that comprise these Receivables and other claims submitted pursuant to the Plan for benefits relating to covered drugs, supplies, medical services, surgery, hospitalization, and emergency care of the Covered Employees incurred on or prior to the Termination Date shall be processed and paid timely pursuant to the terms of the Plan. … Anthem shall take any and all necessary action to ensure the timely processing of payment on or before December 31, 2006 and FHM Group LLC and Covered Employees agree to submit a list of claims to the extent practicable submitted under the Plan via Blue Card by November 15, 2006 to facilitate this processing, but this sentence shall not be read to limit FHM Group LLC or the Covered Employees' ability to submit timely claims.

(Settlement Agreement, ¶4.) At the time of the Settlement Agreement, Plaintiffs represented, in Exhibit A to the Settlement Agreement, that there was approximately $2,348,338 in Indiana claims to be processed and adjudicated. (Settlement Agreement, Exhibit A.)

Finally, pursuant to Section 7 of the Settlement Agreement, Anthem was required to pay to FHM Group the sum of $400,000 by October 31, 2006. Upon satisfaction of Sections 1, 4 and 7 of the Settlement Agreement, either party would then be entitled to petition the Court for dismissal with prejudice of the Action. (Settlement Agreement, ¶14.) Dismissal of the Action was in no way contingent upon any act by either party with respect to any other section of the Settlement Agreement.

The parties did file stipulations to extend the jurisdiction of the Court beyond December 31, 2006 to allow for additional time prior to filing a dismissal up to and including March 31, 2007.

## II. <u>Argument</u>

In accordance with Section 1 of the Settlement Agreement, the Plan was terminated at 11:59 p.m. Eastern Standard Time on October 31, 2006. In compliance with Section 4 of the Settlement Agreement, any and all Indiana Claims incurred and submitted to Anthem by 11:59 p.m. Eastern Standard Time on December 31, 2006, have been processed, adjudicated, and paid. Finally, pursuant to Section 7 of the Settlement Agreement, on October 31, 2006, a wire transfer in the amount of $400,000 was made by Anthem to FHM Group through FHM Group's account with Northern Trust Bank in Boca Raton, Florida. Because Anthem has fully complied with Sections 1, 4 and 7 of the Settlement Agreement, it is entitled to dismissal with prejudice of this action pursuant to Section 14 of the Settlement Agreement.

There is no dispute that Sections 1 and 7 of the Settlement Agreement have been fully satisfied. The Plan terminated at 11:59 p.m. Eastern Standard Time on October 31, 2006 as provided for in Section 1 of the Settlement Agreement. (*See* Facsimile dated October 31, 2006 from A. Paduano to K. Hidde, attached hereto as Exhibit 2.) On October 31, 2006, a wire transfer in the amount of $400,000 was also made by Anthem to FHM Group through FHM Group's account with Northern Trust Bank in Boca Raton, Florida, satisfying Anthem's obligations with respect to Section 7 of the Settlement Agreement. (*See* Email Correspondence dated October 31, 2006 between A. Paduano and K. Hidde, attached hereto as Exhibit 3.)

It is further clear that Anthem has met its obligations with respect to Section 4 of the Settlement Agreement. Section 4 of the Settlement Agreement requires Anthem to process and pay claims incurred by the named Plaintiffs and properly submitted to Anthem by December 31, 2006. The Settlement Agreement does not specify a sum certain amount to be paid by Anthem to Plaintiffs for claims submitted by the deadline. Rather, Plaintiffs were required to submit the

Indiana Claims to Anthem.  Anthem would then process and adjudicate such claims pursuant to the Plan.  Anthem could only process and pay, by December 31, 2006, those claims that had been properly *submitted* by Plaintiffs to Anthem.

Plaintiffs will attempt to argue that of the $2,348,338 in Indiana claims represented in Exhibit A to the Settlement Agreement, Anthem has failed to make payment on some of the claims.  Although Plaintiffs continually changed the Indiana Claims in dispute, one recent filing from Plaintiffs, Exhibit 1 to Affidavit of Steven Schneider filed in conjunction with the Memorandum of Law in Support of Plaintiffs' Motion to Enforce Anthem's Compliance with the Settlement Agreement and for Hearing [Dk #75], which was previously filed under seal, demonstrated that the Plaintiffs believed that only four (4) claims remained in dispute as of March 26, 2007.  Only one of those four (4) claims (C.K. claim) has since been processed and paid. (Letter dated May 3, 2007 from A. Paduano from K. Hidde ("May 3rd Letter"), attached hereto as Exhibit 7.)  Anthem could only process and pay those claims that had been properly submitted by Plaintiffs to Anthem.  Plaintiffs have never submitted the remaining three (3) Indiana Claims in the amount of $27,171.60 from Exhibit A to Anthem. (May 3rd Letter.)  All of the other claims on Exhibit A were processed and paid pursuant to the terms and conditions of the Plan.  Anthem has repeatedly and quite clearly told Plaintiffs that it does not have any record of the submission of the remaining three claims.  (*See* Letter dated December 12, 2006 to A. Paduano from K. Hidde ("December 12th Letter"), attached hereto as Exhibit 4; Letter dated March 21, 2007 to A. Paduano from K. Hidde ("March 21st Letter"), attached hereto as Exhibit 5; Letter dated April 25, 2007 to A. Paduano from K. Hidde ("April 25th Letter"), attached hereto as Exhibit 6; May 3rd Letter.)

On numerous occasions, and as early as December 12, 2006, Anthem requested that additional information be provided to it from FCS Pharmacy with respect to the three remaining Indiana Claims.  (*See* December 12th Letter, Exhibit 5.)  Ms. Hidde's December 12th Letter attached a table setting forth the status of the Indiana Claims as of December 8, 2006, including the three claims that Plaintiffs now assert remain at issue (those three claims have been marked with an asterisk on Exhibit 4 for the Court's convenience).  Despite several additional requests for information, Plaintiffs did not provide it.  Yet Plaintiffs continue to maintain the unsupported argument that Anthem has not satisfied its obligations with respect to Section 4 of the Settlement Agreement.

Finally, on March 12, 2007, Anthem received additional information in the form of "new" SCCF numbers from FCS Pharmacy.  (*See* Letter dated March 12, 2007 to K. Hidde from A. Paduano ("Paduano Letter"), attached hereto as Exhibit 8.)  SCCF numbers are document control numbers assigned to each claim when the claims are electronically inputted into the Blue Card System.  Although the deadline had passed for claims submission, Anthem in good faith and using due diligence, searched its records for these purportedly "new" SCCF numbers.  (*See* April 25th Letter and May 3rd Letter.)  Anthem discovered the following:

- The "new" SCCF number for Mark Schwartzkopf's claim from date of service on 3/28/2006 in the amount of $14,608.91 is incorrect.  (*See* April 25th Letter and May 3rd Letter.)  Based on Anthem's limited access to records from BCBS of Florida's inquiry system, the "new" SCCF is for a claim that was submitted with a date of service 01/18/2007, with a charge amount equal to $71,820.15 and a member identification beginning with "XIP".  The "XIP" indicates that this claim belongs to a member of CareFirst BlueCross BlueShield – Washington, DC.  A review of the records indicates that the member's plan approved $71,817.65 on 01/28/2007.  (*See* May 3rd  Letter.)

- The "new" SCCF number for Mark Schwartzkopf's claim from date of service on 1/20/2006 in the amount of $2,477.18 is not accurate.  (*See* April 25 th Letter and May 3rd Letter.)  Based on Anthem's limited access to records from BCBS of

6

>   Florida's inquiry system, the "new" SCCF is for a claim that was submitted with a date of service 11/17/2006, with a charge amount equal to $54,116.00 and a member identification beginning with "HIP". The "HIP" indicates that this claim belongs to a member of Arkansas Blue Cross Blue Shield. A review of the records indicates that the member's plan approved $29,222.65 on 12/07/2006. (May 3rd Letter.)
>
> - The "new" SCCF number for Mark Schwartzkopf's claim from date of service on 10/20/2006 in the amount of $119,552.40 is also inaccurate. (*See* April 25th Letter and May 3rd Letter.) Based on Anthem's limited access to records from BCBS of Florida's inquiry system, the "new" SCCF is for a claim that was submitted with date of service 07/19/2006, with a charge amount equal to $14,570.65, and a member identification beginning with "SDL". The "SDL" indicates that this claim belongs to a member of HighMark Blue Cross Blue Shield. A review of the records indicates the member's plan approved $14,526.65 on 02/02/2007. (*See* May 3rd Letter.) This raised a question of whether Mr. Schwartzkopf was insured by two different plans at the same time.

Based upon a review of Anthem's records, the three above-referenced claims totaling approximately $27,171.60 had not been submitted to Anthem for processing and payment as of May 3, 2007. (May 3rd Letter.) Thus, Anthem had no obligation under Section 4 of the Settlement Agreement to process and pay such claims. The information discussed above regarding the "new" SCCF numbers was communicated to Mr. Paduano on April 25, 2007 and again on May 3, 2007. (April 25th Letter and May 3rd Letter.) To date, Anthem has not received any additional information on these claims. Anthem is quite perplexed as to why the SCCF numbers for two of the claims show dates of service after the termination of the Plan and the also show claim identifiers for other plans. Anthem is also confused by the revelation that Mr. Schwartkopf appears to have been insured by Anthem and another insurer at the same time.

Any Indiana Claims incurred and properly submitted to Anthem by December 31, 2006 have been processed and paid. Anthem cannot process claims that have not been submitted to it. Anthem did not agree to pay every claim Plaintiffs listed on Exhibit A to the Settlement Agreement, and in fact could not until each claim was submitted. Anthem did, however, agree to

process and adjudicate claims pursuant to the terms and conditions of the plan, and then pay the adjudicated claims.  The three (3) claims discussed above have not been adjudicated because Anthem does not have the information to perform the task.  Plaintiffs, or perhaps FCS Pharmacy or BC/BS of Florida, have the information, but Anthem does not.  As Anthem has stated to Plaintiffs on numerous occasions, Anthem cannot and does not control any of those entities or the information they may or may not submit.  Based on the foregoing, it is clear that Anthem has processed and paid all Indiana Claims incurred and properly submitted by Plaintiffs to Anthem by December 31, 2006, and Anthem's obligations with respect to Section 4 of the Settlement Agreement have been satisfied.

### III. Conclusion

There being no dispute that Anthem has fully complied with the terms and obligations of Sections 1, 4 and 7 of the Settlement Agreement, this Court should enter an order dismissing this Action with prejudice, each party to bear their own costs and attorneys' fees.

Dated:  September 25, 2007

Respectfully submitted,

s/ Kandi Kilkelly Hidde_____
Kandi Kilkelly Hidde, #18033-49
Sonia S. Chen, #22924-29
BINGHAM McHALE LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN  46204
Telephone:	317-635-8900
Facsimile:	317-236-9907
Email:	khidde@binghammchale.com
	schen@binghammchale.com

                Sally Franklin Zweig
                Offer Korin
                KATZ & KORIN, PC
                The Emelie Building
                334 North Senate Avenue
                Indianapolis, IN  46204
                Email: szweig@katzkorin.com
                        okorin@katzkorin.com

*Attorneys for Defendant, Anthem Insurance Companies, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 25th day of September, 2007, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

| Attorney(s): | Represents: |
|---|---|
| Thomas J. Costakis<br>Aaron R. Raff<br>Mark P. Canada<br>KRIEG DeVAULT LLP<br>Email: tcostakis@kdlegal.com<br>       araff@kdlegal.com | Plaintiffs |
| Anthony Paduano, *pro hac vice*<br>Leonard Weintraub, *pro hac vice*<br>Jordan Becker, *pro hac vice*<br>PADUANO & WEINTRAUB LLP<br>Email: ap@pwlawyers.com<br>       jdb@pwlawyers.com | |
| Mark E. Schmidtke<br>SCHMIDTKE HOEPPNER CONSULTANTS LLP<br>Schmidtke Hoeppner Consultants LLP<br>Hoeppner Wagner & Evans LLP<br>Email: mschmidtke@hwelaw.com | Defendant, Anthem Insurance Companies, Inc. |

                    *s/ Kandi Kilkelly Hidde*

1190041