# EXHIBIT 1

Case 1:06-cv-01408-JDT-TAB   Document 115-2   Filed 09/25/07   Page 1 of 20 PageID #: 1863

10/27/2006 FRI 19:28 FAX 3407135988 TROPICO MGMT ☒001/019

## MUTUAL CONFIDENTIAL RELEASE OF ALL CLAIMS AND SETTLEMENT AGREEMENT

This Mutual Confidential Release of All Claims and Settlement Agreement (hereinafter "Settlement Agreement") is made and entered into as of this 16th day of October, 2006 by and between FHM Group LLC (its subsidiaries, affiliates, divisions and entities related to it by application of Internal Revenue Code Section 414 (b) & (c) including but not limited to Factor Health Management LLC, FCS Pharmacy LLC, Factor Health Group LLC, Factor Health Services LLC, FHM Services LLC, Factor Health Care LLC, Factor Health of Arkansas LLC and Factor Health Services II LLC) (collectively "the FHM Group LLC Group") on the one hand; and Anthem Insurance Companies, Inc. (together with WellPoint, Inc., and their and its holding or parent companies, affiliates or subsidiaries) (collectively "Anthem"), on the other hand, who hereby agree as follows:

WHEREAS, FHM Group LLC entered into a contract with Anthem for group health insurance benefits effective July 15, 2005, being Policy No. 0019351 and the insurance certificates issued under that Policy (hereinafter referred to as the "Plan"), which Plan was issued to provide group health insurance benefits to employees of FHM Group LLC, who include Eric Lowe, William Jamison, Mark Schwartzkopf, Douglas Stewart, Terry Lamb, Roberta Brown, Enrique Morey, Viola Hendrick and their dependents (collectively the "Covered Employees"); and

WHEREAS a dispute arose between the parties related to the Plan, regarding which FHM Group LLC and the Covered Employees on September 25,

10/27/2006 FRI 19:28  FAX 3407135988  TROPICO MGMT                                    ☒002/019

2006 commenced an action in the United States District Court for the Southern District of Indiana captioned <u>Eric Lowe, William Jamison, Mark Schwartzkopf, Douglas Stewart, Terry Lamb, Roberta Brown, Enrique Morey, Viola Hendrick and FHM Group LLC v. Anthem Insurance Companies, Inc., d/b/a Anthem Blue Cross & Blue Shield and Does 1-10</u>, 06-cv-1408 ("the Action"); and

WHEREAS, the Court in the Action on September 26, 2006, upon a hearing at which the submissions of the parties were received, evidence was taken and counsel was heard, entered a Temporary Restraining Order; and

WHEREAS, the parties furthermore each deny the allegations of the other and any wrongdoing of any kind in relation to their dealings with the other; and

WHEREAS, in light of the Action, the parties each consider it in their respective best interests to compromise and settle the Action and the disputes that have arisen between them;

NOW THEREFORE, the parties hereto, intending to be legally bound, and in consideration of the mutual representations, promises and other good and valuable consideration described herein, agree as follows:

1. <u>Termination of the Plan</u>. FHM Group LLC shall send to Anthem a notice of termination of the Plan executed by FHM Group LLC as of the date of this Settlement Agreement requesting termination of the Plan as of 11:59 p.m. Eastern Standard Time on October 31, 2006 (hereinafter the "Termination Notice"). FHM Group LLC agrees that, notwithstanding any failure by FHM Group LLC and each of the Covered Employees to provide a Termination Notice,

2

10/27/2006 FRI 19:28  FAX 3407135988  TROPICO MGMT                                    ☒003/019

the Plan shall terminate at 11:59 p.m. Eastern Standard Time on October 31, 2006 (hereinafter the "Termination Date").

FHM Group LLC and each of the Covered Employees agrees that as of the Termination Date, the Plan shall terminate and be void and of no further effect, and FHM Group LLC and each of the Covered Employees agrees that they shall have no recourse against Anthem under the Plan, or under any laws or regulations pertaining to or controlling it, or the termination of it, other than as set forth herein.

Until the Termination Date, the Plan shall remain in full force and effect and may not be altered, modified, changed or canceled by Anthem and Anthem specifically agrees to adjudicate and pay claims for benefits relating to drugs, supplies, medical services, surgery, hospitalization, and emergency care of the Covered Employees in accordance with the terms of the Plan, including those provided by FCS Pharmacy, LLC. Such claims shall be adjudicated, processed and paid timely pursuant to the terms of the Plan. The parties agree that during the preceding two calendar quarters of 2006 (ending as of September 30, 2006) FCS Pharmacy, LLC's claims were adjudicated by Blue Cross Blue Shield of Florida Inc., Blue Card Department (a/k/a Interplan Teleprocessing Services Program) and pursuant to the March 24, 2006 letter from Kathy Harrer to Steven Schneider. These claims include, but are not limited to, those included on <u>Exhibit A</u> hereto. The parties agree that the Settlement Agreement is not intended to alter the adjudications, processing, reimbursement rates paid, or payments of the claims. Anthem agrees not to cause a negative change in the

3

10/27/2006 FRI 19:29  FAX 3407135988  TROPICO MGMT                              ☒004/019

processing of the claims and shall do nothing to negatively interfere with or influence such adjudications. Anthem shall take any and all necessary action to ensure the timely processing of payment. Anthem shall also pay claims for benefits relating to drugs, supplies, medical services, surgery, hospitalization, and emergency care of the Covered Employees submitted pursuant to the Plan after the Termination Date for covered services and supplies incurred on or prior to the Termination Date in accordance with Paragraph 4 below, and this provision shall survive the execution of all releases signed by the Covered Employees provided pursuant to this Settlement Agreement. Anthem will fulfill all of the obligations imposed upon it under the Plan or applicable law upon the Plan's termination, except as otherwise expressly waived herein. Within seven (7) days of the Termination Date, Anthem will provide to FHM Group LLC and each Covered Employee certificates of creditable coverage under the Plan showing coverage through the Termination Date for each Covered Employee who is covered by the Plan as of the Termination Date.

2. **FHM Group LLC Not to Change Enrollment in the Plan.** FHM Group LLC warrants and agrees that the persons covered under the Plan as of the date hereof and through the Termination Date are the sole Covered Employees (identified as the named individual plaintiffs) and their covered dependents. FHM Group LLC warrants and represents that it has not, prior to the date of this Settlement Agreement, hired any new employees who will apply for coverage under the Plan or terminated any employees now covered under the Plan. FHM Group LLC further agrees that it will not, at any time prior to the Termination

10/27/2006 FRI 19:29  FAX 3407135988  TROPICO MGMT                    ☒005/019

Date, take any steps that would result in or permit adding additional employees to coverage under the Plan.

3. <u>Non-Employee Claims</u>. Nothing in this Settlement Agreement shall affect Anthem's present and future obligation under any benefit plans other than the Plan to pay covered claims submitted to Anthem by FCS Pharmacy LLC or related entities.

4. <u>Receivables</u>. Anthem acknowledges that it has unprocessed and unpaid claims due and payable to FCS Pharmacy LLC. The parties agree that such claims shall continue to be processed and adjudicated pursuant to the Plan. FCS Pharmacy LLC shall be paid for such adjudicated claims submitted by FCS Pharmacy via the Blue Card System, including but not limited to those set forth on <u>Exhibit A</u> hereto ("Receivables"). Anthem shall also pay any and all <u>claims submitted</u> pursuant to the Plan for benefits relating to covered drugs, supplies, medical services, surgery, hospitalization, and emergency care of the Covered Employees incurred on or prior to the Termination Date and <u>submitted to Anthem</u>, not later than 11:59 p.m. Eastern Standard Time on December 31, 2006. The claims that comprise these Receivables and other claims submitted pursuant to the Plan for benefits relating to covered drugs, supplies, medical services, surgery, hospitalization, and emergency care of the Covered Employees incurred on or prior to the Termination Date shall be processed and paid timely pursuant to the terms of the Plan. The parties agree that during the preceding two calendar quarters of 2006 (ending as of September 30, 2006) FCS Pharmacy, LLC's claims were adjudicated by Blue Cross Blue Shield of Florida



5

10/27/2006 FRI 19:29  FAX 3407135988  TROPICO MGMT                         ☒006/019

Inc., Blue Card Department (a/k/a Interplan Teleprocessing Services Program), and pursuant to the March 24, 2006 letter from Kathy Harrer to Steven Schneider. The parties agree that the Settlement Agreement is not intended to alter such adjudications, processing, reimbursement rates paid, or payments of the claims. Anthem agrees not to cause a negative change in the processing of the claims and shall do nothing to negatively interfere with or influence such adjudications. Anthem shall take any and all necessary action to ensure the timely processing of payment on or before December 31, 2006 and FHM Group LLC and Covered Employees agree to submit a list of claims to the extent practicable submitted under the Plan via Blue Card by November 15, 2006 to facilitate this processing, but this sentence shall not be read to limit FHM Group LLC or the Covered Employees' ability to submit timely claims.

5. **No Further Application to Anthem.** FHM Group LLC Group waives and releases any and all rights resulting from or as a consequence of the termination of the Plan including, but not limited to, the right to seek on behalf of any of FHM Group LLC Group employees or dependents any individual insurance coverage under the terms of the Plan, or as a consequence of the termination of the Plan or to enforce any right under state or federal law, including without limitation rights to COBRA, conversion, continuation or extension of benefits. From the date hereof and through and including December 31, 2010, FHM Group LLC Group agrees not to apply for any contract for health insurance benefits or coverage from Anthem, or any of its now-existing affiliates, parents or

6

10/27/2006 FRI 19:30 FAX 3407135988 TROPICO MGMT                                ☒007/019

subsidiaries regarding any group health insurance plan covering an entity whose primary business deals with pharmaceutical products or chronic care support.

Notwithstanding the foregoing, this Section will not apply to the rights of the Covered Employees who resign or otherwise separate from the FHM Group LLC Group to make such applications to Anthem whether individually, as part of an employer sponsored group benefit plan or as part of any other type of plan.

In the event Anthem purchases or acquires an unrelated insurance company or health maintenance organization (HMO) subsequent to the execution of this agreement, Anthem agrees that nothing in this Section 5 shall be interpreted to permit Anthem to terminate any valid third party contract (i.e., a contract with an insurer or HMO other than Anthem) with any entity in the FHM Group LLC Group then in existence. Furthermore, nothing in this Settlement Agreement shall be construed to permit Anthem to deny an application by any entity in the FHM Group LLC Group for new coverage to an unrelated insurance company or health maintenance organization (HMO) that has been purchased by Anthem other than a denial in accordance with its regularly published underwriting guidelines. Further in the event of an acquisition of Anthem, the obligations of FHM Group LLC Group under this Section shall continue with respect to Anthem so long as it remains as a distinct legal entity following any acquisition of Anthem by such a third party.

Should FHM Group LLC Group be acquired in whole or part by a third party entity with existing insurance coverage issued by Anthem, nothing in

10/27/2006 FRI 19:30  FAX 3407135988  TROPICO MGMT                                    ☐008/019

this Settlement Agreement shall be construed to permit Anthem to take any action to cancel or terminate such existing coverage. The acquiring entity shall be entitled to integrate the FHM Group LLC Group employees into the existing insurance plan of the acquiring entity.

FHM Group LLC Group and its owners, officers and directors agree and covenant that they shall not circumvent the terms of this Section 5 through a corporate re-naming, re-organization, re-formation, or acquisition as it relates to FHM Group LLC Group, as defined herein.

6. <u>Virginia Receivables</u>. Nothing in this Settlement Agreement shall be read to extinguish, limit or modify the claims of FCS Pharmacy LLC and/or certain FHM Group LLC Group employees or patients for reimbursement or payment of medical claims submitted regarding FCS Pharmacy LLC patients. The parties agree that such claims shall be processed and adjudicated pursuant to the terms of the affected members' Certificates and applicable laws, rules and regulations. Anthem shall do nothing to negatively interfere with or influence any adjudications, and Anthem will take no action that would, or be likely to have, an adverse effect on the adjudications, processing, or payment of those claims pursuant to the members' Certificates and applicable laws, rules and regulations. Anthem agrees to deal with such claims in good faith.

7. <u>Other Payment</u>. Notwithstanding any other obligations of the parties herein, and in addition to those obligations, Anthem shall pay to FHM Group LLC the sum of $400,000 in good funds to be received not later than October 31, 2006 by wire transfer to:

*[initials] 10/27/06*

8

10/27/2006 FRI 19:30  FAX 3407135988 TROPICO MGMT                    ☒009/019

Beneficiary: FHM Group LLC
Attn: Steven Schneider
7700 Congress Avenue, Suite 3109
Boca Raton, Florida 33487

Bank: Northern Trust Bank
3100 North Military Trail
Boca Raton, Florida 33431

ABA #: 066009650

Account #: 1710102856

8. <u>No Disparagement</u>. The parties agree that they, their affiliates, parents, subsidiaries and management, will not disparage each other in any fashion regarding any matter. The parties agree to use their best efforts to prevent their employees from disparaging each other. In response to any inquiries about the Action or its resolution, each party may say, "The parties had a legitimate dispute about coverage under an Indiana Small Group Plan and the matter has been resolved to the parties' satisfaction." Neither party nor any person bound by this confidentiality term may characterize the resolution of this litigation in any other way.

9. <u>No Interference</u>. Anthem, its directors, officers, employees, underwriters and agents, shall take no action and make no statements that interfere, or may interfere, with the ability of FHM Group LLC Group to apply for and obtain health insurance from any other insurance company, or the Covered Employees' ability to apply for and obtain health insurance from Anthem or any other insurance company. Anthem shall disclose to no person or entity any aspect of its dealings with FHM Group LLC or the Covered Employees, except as

9

set forth in Section 8. Should Anthem receive a subpoena and/or judicial process requiring Anthem to disclose Anthem's dealings with FHM Group LLC or the Covered Employees (other than Anthem's processing, adjudication, and payment of claims for the Covered Employees in its normal course of business), Anthem shall make its best good faith efforts to provide FHM Group LLC with ten (10) days' written notice in advance of the date it believes it is required to disclose such information, unless circumstances prohibit such advance notification or such notification is prohibited by law, rule, regulation, or direction of a state or federal officer or agency.

10. **Notices.** All notices required to be given under this Settlement Agreement shall be sent by telecopier and overnight delivery as follows:

If to Anthem:

Dionne Carroll McCoy
Senior Counsel
WellPoint, Inc.
120 Monument Circle
Indianapolis, IN 46204
Facsimile: (317) 488-6764

With a copy to:

Kandi Kilkelly Hidde, Esq.
Bingham McHale LLP
2700 Market Tower
10 West Market Street
Indianapolis, Indiana 46204
Facsimile: (317) 236-9907

If to FHM Group LLC:

Mr. Steven Schneider
c/o Factor Health Management LLC
7700 Congress Avenue, Suite 3109
Boca Raton, Florida 33487

10

10/27/2006 FRI 19:31  FAX 3407135988  TROPICO MGMT                                    ☒011/019

Facsimile: (561) 981-8804

With a copy to:

> Anthony Paduano, Esq.
> Paduano & Weintraub LLP
> 1251 Avenue of the Americas
> Ninth Floor
> New York, New York 10020
> Facsimile: (212) 785-9099

11. <u>Ownership of Released Matters</u>. The parties hereby warrant and represent that they are the sole and lawful owners of all rights, title, and interest in and to all matters released herein, and that they have not heretofore assigned or transferred, or purported to assign or transfer, any of such released matters, in whole or in part, to any other person or entity.

12. <u>No Admission of Liability or Wrongdoing</u>. This Settlement Agreement and the general releases referred to and contained herein reflect the compromise and settlement of the Action between the parties and nothing contained herein is intended, or shall be construed, as an admission by any party hereto of liability or wrongdoing of any kind, or as evidence thereof.

13. <u>Releases</u>. FHM Group LLC represents, including but not limited to its representations made in Section 11, that it shall cause all of its Covered Employees to provide to Anthem general releases in the form annexed hereto as <u>Exhibit B</u>. FHM Group LLC shall deliver all signed releases from all Covered Employees to Anthem.

14. <u>Mutual Release Of All Claims</u>. FHM Group LLC and Anthem on behalf of themselves and their affiliates, subsidiaries and parent corporation(s) as defined by Internal Revenue Service Code Section 414, Subsections (b) & (c),

11

10/27/2006 FRI 19:31  FAX 3407135988  TROPICO MGMT                                    ☒012/019

and their respective predecessors, successors, assigns, heirs, dependents, employees, agents, officers, directors, stockholders, partners, trustees, fiduciaries, attorneys, administrators, insurers and other representatives, and anyone acting or claiming on their behalf or on their joint or several behalf, hereby release, waive, extinguish, acquit, forever discharge, and agree to indemnify and hold each other harmless, including their divisions, affiliates, subsidiaries, parent corporation(s), related entities, and their respective past or present employees, officers, directors, stockholders, partners, trustees, fiduciaries, administrators, insurers, investors, executives, managers, agents, attorneys, representatives, predecessors, successors and assigns, and anyone acting on their joint or several behalf, from any and all claims, actions, causes of action, demands, damages, suits, costs, expenses (including attorneys fees), liabilities or other losses, of any kind whatsoever, whether known or unknown, foreseen or unforeseen, direct or consequential, legal or equitable, matured or unmatured, under any theory in contract, tort, or otherwise, which exist or may exist under any theory whether known or unknown.

Said released claims expressly include any and all claims of any kind or nature whatsoever including, but not limited to, claims based in tort, contract, or statute, arising out of unpaid or underpaid benefits and/or claims for benefits; any and all rights, claims or causes of action arising out of termination of the Plan, including individual conversion rights, COBRA rights, continuation of care, issues of creditable coverage and/or pre-existing exclusionary issues, and/or extension of benefits; any claims arising out of the inception of the policy

10/27/2006 FRI 19:31  FAX 3407135988  TROPICO MGMT                        ☒013/019

and plan that constitute the Plan; administration of claims, payment or non-payment of claims; and/or communications to or dealings with providers and covered individuals from the beginning of the world to the date hereof.

This Action shall remain open and active on the Court's docket until the provisions of Sections 1, 4 and 7 hereof are satisfied and at which point either party may petition the Court for dismissal with prejudice of the Action, each party to bear their own costs and attorneys' fees. The parties further stipulate and agree that they will request leave to submit any dispute regarding the enforcement of this Settlement Agreement to the Honorable Magistrate Judge Tim A. Baker.

Nothing in this Release shall be read or construed to limit, release or compromise any claim that FHM Group LLC has or may have against Medlink Inc. as to any contract for insurance with any company other than Anthem or Huckleberry, Sibley & Harvey Insurance & Bonds, Inc. (or their principals, agents or employees) regarding any matter including but not limited to facts or issues encompassed by this Settlement Agreement. Nothing in Section 14 shall be construed to foreclose an action to enforce this Settlement Agreement.

15. <u>Counterparts</u>. This Settlement Agreement may be executed in one or more counterparts and by facsimile, each of which shall be deemed an original, and all counterparts so executed shall constitute one Settlement Agreement binding on all of the parties hereto, notwithstanding that all of the parties are not signatory to the same counterpart.

*[signature] 10/27/06*

13

10/27/2006 FRI 19:32 FAX 3407135988 TROPICO MGMT                    ☒014/019

16. <u>Further Assurances</u>. The parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Settlement Agreement.

17. <u>Entire Agreement</u>. All agreements, covenants, representations and warranties, express or implied, oral or written, of the parties hereto concerning the subject matter hereof are contained herein. No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the subject matter hereof. All prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants and warranties concerning the subject matter hereof are merged herein. This is an integrated Settlement Agreement and the provisions preceding the numbered paragraphs are not mere recitals, but terms integral to the agreements and undertakings of the parties as set forth herein. This Settlement Agreement may not be terminated or modified except by a writing signed by all parties.

18. <u>Joint Authorship</u>. This Settlement Agreement is the result of negotiations between the parties. There shall be no presumption that any ambiguities in this Settlement Agreement shall be resolved against any party. Any controversy regarding the construction or interpretation of this Settlement Agreement shall be decided neutrally, in light of its conciliatory purposes, and without regard to events of authorship.

19. <u>Confidentiality and Non-Disclosure</u>. The parties agree that the fact of this Settlement Agreement and its terms, and the events and facts discovered



14

10/27/2006 FRI 19:32  FAX 3407135988  TROPICO MGMT                               ☒015/019

during the course of this Action, shall be kept confidential and shall not be disclosed to any person or entity not a party hereto at any time unless otherwise required by process of law, and except as permitted by Section 8. Moreover, this Settlement Agreement and its terms shall not be used or disclosed in any court, arbitration, or other legal proceeding, except to enforce the provisions of this Settlement Agreement or as otherwise required by law. Notwithstanding anything to the contrary, this non-disclosure provision does not prohibit or restrict any party hereto from making essential disclosures or communications to its attorneys, tax advisors, financial advisors, accountants, or as otherwise required by law. The parties agree that prior to making any such disclosure or communication, they will advise the persons to whom disclosure is to be made that the terms of this Settlement Agreement are confidential and request that such persons maintain that confidentiality. Should any party believe that it is required to make any disclosure of this Settlement Agreement or its terms to any non-party, the party agrees to provide the other party hereto with 10 days' written notice prior to making such non-party disclosure, unless prohibited by law.

The parties also agree to adhere to the confidentiality provisions imposed upon them by Health Insurance Portability and Accountability Protection Act of 1996.

20. <u>Signatures</u>. The parties hereby signify their agreement to the above terms by their signatures below. Dennis W. Casey represents that he is authorized to execute this Settlement Agreement on behalf of Anthem. Steven

15

10/27/2006 FRI 19:32  FAX 3407135988 TROPICO MGMT　　　　　　　　　　　　　　　　🗹016/019

Schneider represents that he is authorized to execute this Settlement Agreement on behalf of FHM Group LLC.

21. **Advice of Counsel.** The parties to this Settlement Agreement acknowledge that they have been represented by counsel of their choice in the negotiation and execution of this Settlement Agreement.

ANTHEM INSURANCE COMPANIES, INC., d/b/a ANTHEM BLUE CROSS & BLUE SHIELD

By: _____
Name: Dennis W. Casey
Title: Senior Vice President
and President of Indiana Business

FHM GROUP LLC

By: _*[signature]*_____
Name: Steven Schneider
Title: Vice President
and Chief Financial Officer

IM-843099.2 DOC
1100048

*[signature] 10/22/06*

16

10/27/2006 FRI 19:32   FAX 3407135988   TROPICO MGMT

FCS Pharmacy, LLC
Anthem IN Claims
through October 19, 2006

INHOUSE REVIEW

| Patient Name | ID | Date of Service | Inv No. | Date Billed | Amt. Charged | 1st Pymt. | 2nd and subsequent Payment | Adjustment | Amt. Outstanding | HCPCS/Total Units Billed for Factor Injectibles/ NDC # |
|---|---|---|---|---|---|---|---|---|---|---|
| Banks, Shawn | YRP634M56989 | 7/20/2006 | 5775 | 7/21/2006 | 22,252.78 | | | | 22,252.78 | J7192/13,852 IU 00944-2931-01 |
| Banks, Shawn | YRP634M56416 | 8/24/2006 | 6178 | 8/24/2006 | 22,000.13 | | | | 22,000.13 | J7192/15,441 IU 00944-2930-01 |
| Banks, Shawn | YRP634M53186 | 9/25/2006 | 6518 | 10/2/2006 | 26,508.49 | | | | 26,508.49 | J7192/18,313 IU 00944-2930-01 |

| Patient Name | ID | Date of Service | Inv No. | Date Billed | Amt. Charged | 1st Pymt. | 2nd and subsequent Payment | Adjustment | Amt. Outstanding | HCPCS/Total Units Billed for Factor Injectibles/ NDC # |
|---|---|---|---|---|---|---|---|---|---|---|
| Jamison, William | YRP615M58990 | 10/21/2005 | 3576 | 12/06/2005 | 103,140.29 | 51,569.00 | | | 51,571.50 | J7192/59,006 IU 00026-0372-50 |
| Jamison, William | YRP515M58990 | 9/30/2006 | 5553 | 8/30/2006 | 97,461.00 | | | | 97,461.00 | J7192/55,692 IU 00026/0378-50 00026 |
| Jamison, William | YRP515M56950 | 8/23/2006 | 6226 | 8/28/2006 | 97,461.00 | | | | 97,461.00 | J7192/55,622 IU 0379-50 |
| Jamison, William | YRP515M58990 | 9/29/2006 | 6434 | 9/29/2006 | 100,108.00 | | | | 100,028.00 | |

| Patient Name | ID | Date of Service | Inv No. | Date Billed | Amt. Charged | 1st Pymt. | 2nd Pymt. | Adjustment | Amt. Outstanding | HCPCS/Total Units Billed for Factor Injectibles/ NDC # |
|---|---|---|---|---|---|---|---|---|---|---|
| Kingman, Cody | YRP551M51851 | 06/05/2006 | 5357 | 06/13/2006 | 26,820.85 | | | | 26,821.49 | J7182/16,350 IU 5130-04 00053 |
| Kingman, Cody | YRP511M51851 | 06/17/2006 | 5445 | 06/20/2006 | 150.48 | | | | 150.48 | |

| Patient Name | ID | Date of Service | Inv No. | Date Billed | Amt. Charged | 1st Pymt. | 2nd Pymt. | Adjustment | Amt. Outstanding | HCPCS/Total Units Billed for Factor Injectibles/ NDC # |
|---|---|---|---|---|---|---|---|---|---|---|
| Lamb, Terry | YRP634M56952 | 11/15/2005 | 3420 | 11/10/2005 | 10.35 | | | | 10.35 | ancillary |
| Lamb, Terry | YRP634M56952 | 01/16/2006 | 3677 | 01/19/2006 | 119.40 | | | | 119.40 | ancillary |
| Lamb, Terry | YRP634M56952 | 04/27/2006 | 4919 | 04/27/2006 | 127.59 | | | | 127.39 | ancillary |
| Lamb, Terry | YRP634M56952 | 05/31/2006 | 8254 | 06/01/2006 | 127.30 | | | | 127.20 | ancillary |
| Lamb, Terry | YRP634M56952 | 06/27/2006 | 5340 | 06/28/2006 | 54,128.40 | | | | 65,128.40 | J7182/31,210 IU 0378-50 00028 |
| Lamb, Terry | YRP634M56952 | 06/27/2006 | 5541 | 06/28/2006 | 121.20 | | | | 127.20 | ancillary 0071-50 |
| Lamb, Terry | YRP634M56957 | 08/01/2006 | 6106 | 09/02/2006 | 27,124.82 | | | | 27,124.82 | J7182/21,456 IU 00028 |
| Lamb, Terry | YRP634M56952 | 06/29/2006 | 6271 | 08/31/2006 | 78,058.90 | | | | 78,050.00 | J7182/44,460 IU 0071-50 00028 |
| Lamb, Terry | YRP634M56952 | 06/01/2006 | 8100 | 09/05/2006 | 127.30 | | | | 127.20 | ancillary |
| Lamb, Terry | YRP634M56952 | 09/27/2006 | 6358 | 09/27/2006 | 78,050.52 | | | | 78,050.00 | J7182/44,160 IU 0378-50 00028 |
| Lamb, Terry | YRP634M56952 | 06/27/2006 | 6548 | 09/27/2006 | 127.20 | | | | 127.20 | |

| Patient Name | ID | Date of Service | Inv No. | Date Billed | Amt. Charged | 1st Pymt. | 2nd Pymt. | Adjustment | Amt. Outstanding | HCPCS/Total Units Billed for Factor Injectibles/ NDC # |
|---|---|---|---|---|---|---|---|---|---|---|

10/27/2006 FRI 19:33  FAX 3407135988  TROPICO MGMT                                    ☒018/019

FCS Pharmacy, LLC
Anthem IN Claims
through October 19, 2006

INHOUSE REVIEW

| Patient Name | ID | Date of Service | Inv No. | Date Billed | Amt. Charged | | | | Amt. Outstanding | HCPCS/Total Units Billed for Factor Injectables/ NDC # |
|---|---|---|---|---|---|---|---|---|---|---|
| Lowe, Eric | YRP848M55030 | 02/02/2006 | 4131 | 02/07/2006 | 110,953.21 | | | | 110,953.21 | J7192/18,400 IU 00169-7082-01 |
| Lowe, Eric | YRP848M55030 | 03/01/2006 | 4735 | 04/11/2006 | 110,890.29 | | | | 110,890.29 | J7192/18,400 IU 00169-7082-01 |
| Lowe, Eric | YRP848M55030 | 05/08/2006 | 5134 | 05/18/2006 | 24.79 | | | | 24.79 | ancillary |
| Lowe, Eric | YRP848M55030 | 05/02/2006 | 5402 | 06/02/2006 | 81,656.00 | | | | 81,656.00 | J7193/8,200 IU 7082-01 |
| Lowe, Eric | YRP848M55030 | 08/24/2006 | 6105 | 09/25/2006 | 103,207.76 | | | | 103,207.76 | J7193/19,200 IU 00169-7082-01 |
| Lowe, Eric | YRP848M55030 | 09/22/2006 | 6306 | 09/13/2006 | 114,482.00 | | | | 114,482.00 | J7193/22,000 IU 00169-7082-01 |
| Lowe, Eric | YRP848M55030 | 09/28/2006 | 6567 | 09/29/2006 | 114,808.31 | | | | 114,808.31 | J7192/22,400 IU 00169-7082-01 |
| Lowe, Eric | YRP848M55030 | 10/13/2006 | 6675 | 10/13/2006 | 114,480.00 | | | | 114,480.00 | J7193/22,000 IU 00169-7082-01 |

| Patient Name | ID | Date of Service | Inv No. | Date Billed | Amt. Charged | 1st Pymt. | 2nd. Pymt. | Adjustment | Amt. Outstanding | HCPCS/Total Units Billed for Factor Injectables/ NDC # |
|---|---|---|---|---|---|---|---|---|---|---|
| Voce, Evan | YRP840M53436 | 12/28/2005 | 3505 | 01/16/2006 | 9,886.75 | | | | 9,886.76 | J7193/4,601 IU 00944-2140-01 |
| Voce, Evan | YRP840M53436 | 01/12/2006 | 4005 | 01/20/2006 | 66.40 | | | | 11.00 | |

| Patient Name | ID | Date of Service | Inv No. | Date Billed | Amt. Charged | 1st Pymt. | 2nd. Pymt. | Adjustment | Amt. Outstanding | HCPCS/Total Units Billed for Factor Injectables/ NDC # |
|---|---|---|---|---|---|---|---|---|---|---|
| Schwarzkopf, Mark | YRP161M59890 | 07/19/2005 | 2568 | 07/19/2005 | 2,204.42 | | | | 2,220.82 | 35404/1 |
| Schwarzkopf, Mark | YRP161M59890 | 08/24/2005 | 2952 | 08/24/2005 | 2,205.14 | 1,504.37 | | | 700.77 | 35404/1 |
| Schwarzkopf, Mark | YRP161M59890 | 01/26/2006 | 4015 | 01/24/2006 | 2,477.19 | | | | 2,477.19 | ancillary |
| Schwarzkopf, Mark | YRP161M54910 | 03/28/2006 | 4830 | 03/01/2006 | 14,005.91 | 63.11 | | | 14,640.80 | 11562 |
| Schwarzkopf, Mark | YRP161M53890 | 03/28/2006 | 4648 | 03/30/2006 | 2,315.40 | | | | 2,315.40 | 35/40 |
| Schwarzkopf, Mark | YRP161M53890 | 05/31/2006 | 5240 | 05/31/2006 | 131,946.22 | | | | 131,946.22 | J7193/25,600 IU 66910-0011-01 |
| Schwarzkopf, Mark | YRP161M53890 | 06/05/2006 | 5318 | 06/04/2006 | 11,477.05 | | | | 11,437.05 | J7192/5,400 IU 66910-0011-04 |
| Schwarzkopf, Mark | YRP161M53890 | 07/07/2006 | 5487 | 07/11/2006 | 2,315.40 | | | | 2,315.40 | 35/40 |
| Schwarzkopf, Mark | YRP161M53890 | 07/11/2006 | 5578 | 07/12/2006 | 114,176.72 | | | | 114,176.42 | J7193/25,530 IU 66394-0011-01 |
| Schwarzkopf, Mark | YRP161M53890 | 07/23/2006 | 5834 | 07/20/2006 | 125,964.00 | | | | 125,964.00 | J7193/2,400 IU 56394-0011-01 |
| Schwarzkopf, Mark | YRP161M53890 | 08/28/2006 | 6202 | 08/24/2006 | 125,416.15 | | | | 125,676.15 | J7193/22,405 IU 56394-0011-01 |
| Schwarzkopf, Mark | YRP161M53890 | 08/07/2006 | 6840 | 10/02/2006 | 125,884.00 | | | | 125,884.00 | |

| Patient Name | ID | Date of Service | Inv No. | Date Billed | Amt. Charged | 1st Pymt. | 2nd. Pymt. | Adjustment | Amt. Outstanding | HCPCS/Total Units Billed for Factor Injectables/ NDC # |
|---|---|---|---|---|---|---|---|---|---|---|
| Stewart, Nathan | YRP516M59613 | 6/2/2006 | 5500 | 6/5/2005 | 21,061.75 | | | | 29,061.75 | J7192/8,605 IU 0010-50 |
| Stewart, Nathan | YRP516M59613 | 6/21/2006 | 5569 | 6/29/2006 | 29,056.76 | | | | 29,256.76 | J7192/8,605 IU 0010-0 |
| Sirard, Nathan | YRP516M54613 | 7/11/2005 | 5894 | 7/19/2005 | 28,910.55 | | | | 29,960.54 | J7192/11,605 IU 0010-50 |
| Stewart, Nathan | YRP516M54913 | 8/17/2006 | 5749 | 8/18/2005 | 29,061.23 | | | | 29,362.24 | J7192/1,605 IU 0010-50 |

10/27/2006 FRI 19:33  FAX 3407135988  TROPICO MGMT                                    ☒019/019

FCS Pharmacy, LLC
Anthem IN Claims
through October 19, 2006

INHOUSE REVIEW

| Stewart, Nathan | YRP516M58613 | 9/20/2006 | 6461 | 9/26/2006 | 28,268.75 | J7192X6,605 IU 0379-50 | 0028- |
| Stewart, Nathan | YRP516M58613 | 10/18/2006 | 6816 | 10/18/2006 | 29,285.74 | J7192/18,605 IU 0379-50 | 0028- |

signature 10/27/06